# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

  Plaintiff,

 v.               Case No. 06-CR-2

JAN LONG,

  Defendant.

## RECOMMENDATION AND ORDER

  On January 4, 2006, a grand jury sitting in the Eastern District of Wisconsin returned a three-count indictment naming Jan Long ("Long") and Robert Bridges ("Bridges") as defendants. Count One alleges that Long possessed with intent to distribute cocaine and crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2. Count two alleges that Long and Bridges managed and controlled a duplex, rented, leased, and profited from the duplex, and made the duplex available for manufacturing, storing, and distributing cocaine and crack cocaine in violation of 21 U.S.C. § 856(a)(2) and 18 U.S.C. § 2. Count Three alleges that Long used a communication facility in committing and facilitating the crime of conspiracy to distribute a controlled substance and the crime alleged in Count Two of the indictment, in violation of 21 U.S.C. § 843(b).

  Defendant Long thereafter filed a motion to suppress physical evidence and a motion to dismiss Count Three of the indictment, or in the alternative, to require the government to provide a bill of particulars with regard to Count Three. On March 10, 2006, Long moved in open court to

withdraw her motion to suppress physical evidence, and that motion to withdraw was granted. The parties have now briefed their respective positions on Long's motion to dismiss or to require a bill of particulars on Count Three. For the reasons which follow, Long's motion for a bill of particulars will be denied and it will be recommended that Long's alternative motion to dismiss be denied.

Count Three of the indictment provides as follows:

> 1. On or about February 4, 2005, in the State and Eastern District of Wisconsin,
>
> JAN LONG,
>
> the defendant herein, knowingly and intentionally used a communication facility in committing and in facilitating the commission of an act and acts constituting a felony under provisions of subchapters I and II of Chapter 13 of Title 21 of the United States Code.
>
> 2. In particular, Long sent an e-mail using her State of Wisconsin Department of Corrections e-mail account to another employee of the Department of Corrections, seeking information about the February 2, 2005, arrest of Mark Cubie, for the purpose of facilitating a conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846, and for the purpose of facilitating and continuing her involvement in the offense alleged in Count Two of this indictment.
>
> All in violation of Title 21, United States Code, Section 843(b).

Long argues that Count Three should be dismissed because it "fails to state an offense." Long maintains that the e-mail in question "on its face, is innocuous," and furthermore, that the government does not explain in the indictment how the e-mail facilitated a drug conspiracy. (Def.'s Mot. at 1-2.)

"The indictment . . . must be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment must satisfy three requirements in order to be legally sufficient. "First, the indictment must state all of the elements of the crime charged; second, it must adequately apprise the defendant of the nature of the charges

2

so that he may prepare a defense; and third, it must allow the defendant to plead the judgment as a bar to any future prosecutions for the same offense." *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000).

In assessing the sufficiency of an indictment courts are to review the document in its entirety, giving it a practical, rather than hypertechnical, reading. *Id.*

> In setting forth the offense, it is generally acceptable for the indictment to "track" the words of the statute itself, so long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished. *United States v. Hinkle*, 637 F.2d 1154, 1157 (7th Cir.1981). However, an indictment that tracks the statutory language can nonetheless be considered deficient if it does not provide enough factual particulars to "sufficiently apprise the defendant of what he must be prepared to meet." *Russell v. United States*, 369 U.S. 749, 763, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). In order for an indictment to satisfy this second hurdle, we require, at a minimum, that it provide some means of pinning down the specific conduct at issue. *United States v. Josten*, 704 F.Supp. 841, 844 (N.D.Ill.1989). Yet in this inquiry, the presence or absence of any particular fact need not be dispositive of the issue.

*Id.* In sum, "[f]acial sufficiency is not a high hurdle. Indictments need not exhaustively describe the facts surrounding a crime's commission nor provide lengthy explanations of the elements of the offense." *United States v. Bates*, 96 F.3d 964, 970 (7th Cir. 1996). "The defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." *United States v. Agostino*, 132 F.3d 1183, 1191 (7th Cir. 1997).

Long does not claim that Count Three fails to state all of the elements of the crime charged. Nor does she claim that it is insufficient to allow her to plead a judgment as a bar to future prosecution. It appears that Long's objection to Count Three is that it does not adequately apprise her of the nature of the charges so that she may prepare a defense. However, the indictment tracks the elements of the crime defined by 21 U.S.C. §843(b), identifies that the "communication facility" at issue is a specific e-mail account, and identifies the nature of the e-mail that allegedly facilitated

3

the crimes. An indictment must "provide some means of pinning down the specific conduct at issue." Here, the indictment specifically states what conduct is at issue. I cannot say that the indictment so lacks factual detail that Long is not apprised of what she "must be prepared to meet" at trial. It will therefore be recommended that Long's motion to dismiss Count Three of the indictment be denied.

Long argues in the alternative that the government should be required to provide a bill of particulars regarding Count Three. The Federal Rules of Criminal Procedure allow, in conjunction with the issuance of an indictment, for the filing of a bill of particulars. Fed. R. Crim. P. 7(f). A bill of particulars more precisely describes the illegal activities in which the defendant allegedly engaged. *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991). A bill of particulars, however, is not always required; "[t]he standard is whether the government's indictment sufficiently apprises the defendant of the charges to enable him to prepare for trial." *Id.*

"[A] defendant has no right to discover, through a bill of particulars, the evidentiary details of the government's case." *United States v. Brock*, 863 F. Supp. 851, 867 (E.D. Wis. 1994) (citing *United States v. Glecier*, 923 F.2d 496, 501-02 (7th Cir. 1991)). Nor is a bill of particulars intended to be used to reveal the theory of the government's case. *Glecier*, 923 F.2d at 502. Indeed, "a bill of particulars is not required when information necessary for a defendant's defense can be obtained through 'some other satisfactory form.'" *Canino*, 949 F.2d at 949. For example, "the 'open-file' policy is an adequate 'satisfactory form' of information retrieval, making the bill of particulars unnecessary." *Id.*

I have already concluded that Count Three of the indictment sufficiently apprises Long of the charges to enable her to prepare for trial. Long is therefore not entitled to a bill of particulars.

4

Simply stated, the government is not required to provide Long with its evidentiary details or the theory of its case. Furthermore, the government has indicated that it is following its "open file" policy. Indeed, it appears that Long has received discovery materials from the government including the specific e-mail in question. Even if the indictment was not sufficient to allow Long to prepare a defense, the information that Long might hope to discover through a bill of particulars is most likely available to her through this alternate channel, rendering a bill of particulars unnecessary. Long's motion for a bill of particulars will therefore be denied.

**NOW THEREFORE IT IS RECOMMENDED** that Long's motion to dismiss Count Three of the indictment be **DENIED**;

**NOW THEREFORE IT IS ORDERED** that Long's motion for a bill of particulars be and hereby is **DENIED**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) - (C), Federal Rule of Criminal Procedure 59(a) - (b), and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order or recommendation herein or part thereof may be filed within ten days of the date of service of this recommendation and order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to object in accordance with the rules cited herein waives your right to review.

**SO ORDERED** this 17th day of March, 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge